**SO ORDERED.**

**SIGNED this 24 day of February, 2012.**

_____
Randy D. Doub
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

IN RE:

DAVID L. MANSFIELD,                    CHAPTER 7
                                       CASE NO. 11-06867-8-RDD
    Debtor

ORDER GRANTING MOTION TO
DISMISS CHAPTER 7 PROCEEDING

Pending before the Court is the Motion to Dismiss Chapter 7 Proceeding Pursuant to 11 U.S.C. § 707(b)(1) and (b)(3) (the "Motion") filed by the Bankruptcy Administrator on November 15, 2011 and the Response to Motion to Dismiss filed by David L. Mansfield on December 23, 2011 (the "Response"). The Court conducted a hearing on February 13, 2012 in Wilson, North Carolina to consider the Motion and the Response.

BACKGROUND

David L. Mansfield (the "Debtor") filed a voluntary petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code (the "Code") on September 8, 2011. As part of his petition, the Debtor filed his Schedules, Official Form B22A-Chapter 7 Statement of Current Monthly Income & Means Test ("Form B22A"), and his Statement of Financial Affairs. The Debtor's household

current monthly income includes the income of his non-filing spouse. The Debtor indicated on Form B22A that based on the initial calculation of his current monthly income a presumption of abuse did not arise.[1]

After review of all the materials provided by the Debtor, the Bankruptcy Administrator requested the Clerk of Court issue a notice of presumed abuse on October 24, 2011. Pursuant to 11 U.S.C. § 704(b)(2), the Statement of Presumed abuse was subsequently docketed by the Clerk of Court on October 25, 2011.

In response to the Bankruptcy Administrator's Motion, the Debtor filed the Response and amendments to Schedule I, Schedule J, and Form B22A on December 23, 2011. The amended Form B22A reflects that a presumption of abuse arises in the Debtor's case.

The Motion seeks to dismiss the Debtor's Chapter 7 case under 11 U.S.C. § 707(b)(1) based on abuse of the provisions of Chapter 7. The Bankruptcy Administrator asserts the presumption of abuse arises under § 707(b)(2) of the Code based on the Debtor's disposable income calculations. The Bankruptcy Administrator asserts that the Debtor overstated deductions to the household current monthly income for food and clothing as well as a monthly mortgage payment, neither of which were substantiated by Schedule J of the petition.[2] The Bankruptcy Administrator also alleges the Debtor understated the amount deducted for transportation expenses and failed to include taxes paid by his non-filing spouse in completion of Form B22A.[3]

---

[1] The Debtor's disposable income on the original Form B22A is $187.90 per month, or $11,274.00 over 60 months, which is less than the statutory $11,725.00 threshold for the presumption of abuse to arise pursuant to 11 U.S.C. § 707(b)(2).

[2] Lines 39 and 42 of Form 22B.

[3] Lines 22A and 25 of Form 22B.

Furthermore, notwithstanding the presumption of abuse, the Bankruptcy Administrator asserts that the totality of the Debtor's financial circumstances demonstrate abuse and the case should be dismissed pursuant to §707(b)(3).

In the Response, the Debtor asserts that based on the totality of the circumstances, he has not demonstrated abuse. The Debtor testified he is a correctional officer with the North Carolina Department of Corrections and commutes thirty (30) miles each way to work at Pasquotank Correctional Institution in Elizabeth City, North Carolina. The Debtor asserts this commute, when calculated at the Internal Revenue Service reimbursement rate of 55.5¢ per mile, is an $859.14 out of pocket expense he must incur each month. The Debtor argues that his disposable income is less than $500.00 each month and that after the Debtor's normal and reasonable expenses he is left with no significant disposable income for repayment of his debts. Therefore, the Debtor argues no abuse exists.

## DISCUSSION

### I.   Presumption of Abuse

The bankruptcy court may dismiss a case filed by an individual debtor or, with the debtor's consent, convert a case to a case under Chapter 11 or 13 if the court "finds that the granting of relief would be an abuse of the provisions of [Chapter 7]." 11 U.S.C. § 707(b)(1). The Code provides that

> a court should presume an abuse exists if the debtor's [current monthly income] reduced by certain amounts and multiplied by 60 is not less than the lesser of "(I) 25 percent of the debtor's nonpriority unsecured claims in the case, or $7,025, whichever is greater; or (II) $11,725."

*In re Leggett*, No. 10-03383-8-RDD, 2011 WL 802806 *2 (Bankr. E.D.N.C. Mar. 2, 2011) (quoting 11 U.S.C. § 707(b)(2)(A)(i)).

3

The Debtor has $72,304.93 in nonpriority unsecured claims listed in Schedule F. Twenty-five percent of those claims equals $18,076.23. Therefore, because $11,725.00 is less than one quarter of the Debtor's nonpriority unsecured claims, the Debtor's disposable income (current monthly income reduced by allowed deductions) multiplied by 60 must be less than $11,725.00. Amended Form B22A lists the Debtor's monthly net or disposable income as $731.36. Over 60 months, the Debtor has $43,881.60 in disposable income.[4] This amount is greater than $11,725.00, therefore, the presumption of abuse arises in the Debtor's case.

The Bankruptcy Administrator's motion asserts the presumption of abuse exists and the Debtor understated and overstated certain deductions in the calculations on Form B22A. The Bankruptcy Administrator points out that Form B22A lists expenses for additional food and clothing of $42.00, which are not substantiated by Schedule J. In the Debtor's Amended Schedule J, expenses for food are increased from $250.00 to $500.00 and clothing is increased from $50.00 to $100.00. Form B22A also lists a mortgage payment of $2,116.67 to Branch Banking & Trust ("BB&T"), which is also not substantiated by Schedule J. In the amended Form B22A, the mortgage payment to BB&T was decreased to $765.62, which matches Schedule J. The amended Form B22A also appears to account for the Bankruptcy Administrator's other objections such as the failure to reflect the non-filing spouse's tax liabilities and accounting for overwithholding of taxes, as tax expenses increased from $746.84 in the original Form B22A to $1,417.56 in the amended Form B22A. Thus, it appears the Debtor's amendments to Form B22A and Schedule J address the Bankruptcy Administrator's concerns with the deduction of expenses.

---

[4] For comparison purposes, the Court notes the Debtor's disposable income in Form B22A differs from his disposable income of $497.65 listed in Schedule J. However, disposable income of $497.65 over 60 months amounts to $29,859.00, which is still greater than $11,725.00.

**II.     Special Circumstances to Rebut the Presumption of Abuse**

Once the presumption of abuse under § 707(b)(2) arises, a debtor may only rebut the presumption "by demonstrating special circumstances, such as a serious medical condition or a call or order to active duty in the Armed Forces." 11 U.S.C. § 707(b)(2)(B)(i). Special circumstances are not limited to those stated in § 707(b)(2)(B)(i). However, the circumstances must "justify additional expenses or adjustments of current monthly income for which there is no reasonable alternative." *Id*. Additionally, the determination of special circumstances may "be made on a case-by-case basis, and decided upon each debtor's individual circumstances." *In re Siler*, 426 B.R. 167, 173 (Bankr. W.D.N.C. 2010).

The debtor bears the "procedural and substantive burden to show the special circumstances which rebut the presumption of abuse." *In re Hammock*, 436 B.R. 343, 352 (Bankr. E.D.N.C. 2010) (citing *In re Fonash*, 401 B.R, 143, 147 (Bankr. M.D. Pa. 2008)). To meet the procedural requirements under § 707(b)(2)(B)(ii), a debtor must provide documentation for the expenses and a detailed explanation of the special circumstances making such expenses necessary and reasonable. *Id*.

In the present case, the Debtor's amended Form B22A indicates additional expense claims of $612.00 each month.[5] The Debtor argues his transportation expenses to and from work constitute a special circumstance that rebuts the presumption of abuse. The Debtor testified he drives thirty miles (30) each way from his home in Tyner, North Carolina to Elizabeth City, North Carolina for

---

[5]The Debtor's additional expense claims consist of: 1) $371.00 for costs of transportation for work; 2) $125.00 for homeowner's insurance; and 3) $116.00 for property taxes. The Debtor did not argue that the property taxes and homeowner's insurance constituted a special circumstance. The Court notes that the Debtor's Schedule J budgets $151.00 each month for real and personal property taxes and states that property insurance is included in the monthly mortgage payment. As such, property taxes and homeowner's insurance are already accounted for in the Debtor's expenses.

his full-time job as a corrections officer and a part-time job at a golf-course. The Debtor testified his vehicle, a 2007 Chevrolet truck, gets approximately twenty-two (22) miles per gallon on the highway and eighteen (18) miles per gallon in the city. The Debtor testified he uses the excess disposable income each month for fuel and maintenance of his vehicle. Thus, because his livelihood requires him to travel to and from work, the Debtor argues his daily commute is a special circumstance that justifies the additional expense.

The Court finds the Debtor's daily commute is not a special circumstance justifying additional expenses and therefore does not rebut the presumption of abuse pursuant to § 707(b)(2). The Debtor testified that he has been employed at Pasquotank Correctional Institution in Elizabeth City, North Carolina for more than ten (10) years. The Debtor stated he has lived more than thirty (30) miles from the prison the entire time that he has worked there and that he purchased his 2007 Chevrolet truck five (5) years ago. The Debtor testified that at the time he purchased the truck he did not consider purchasing a more economical vehicle and stated a truck was necessary for maintenance of his home and yard. However, the Debtor did not testify of a need for a truck in connection to the purported special circumstance, in this case, his commute to work. Thus, because a more fuel efficient vehicle could be used for the Debtor's commute, the Court finds there are more reasonable alternatives to the Debtor's current mode of transportation that would reduce his expenses.

While courts have found special circumstances can include "high commuting costs [or] the increased price of gas," those cases differ factually from the present case.[6] Collier on Bankruptcy

---

[6]The court in *In re Batzkiel*, 349 B.R. 581 (Bankr. N.D. Iowa 2006) found the situation where debtors each commuted over 40 miles each way through high deer populated rural areas and were at risk of losing their automotive insurance coverage should they make a claim for another collision with a deer constituted special circumstances for allowing additional expenses of maintaining a spare vehicle. In the present case, the Debtor only argues that his commute of 30 miles each way, with no other evidence, constitutes special circumstances.

¶ 707.04[3][d] (Alan. N. Resnick & Henry J. Sommer eds., 16th ed.).  In fact, many courts have found transportation expenses for a debtor's commute are insufficient to constitute special circumstances.  *See In re Tranmer*, 355 B.R. 234, 250 (Bankr. D. Mont. 2006) (finding high transportation costs for debtor's commute was not a special circumstance); *In re Sadler*, 378 B.R. 780, 787 (Bankr. E.D. Tex. 2007) (finding debtors failed to prove costs of commuting were special circumstances).

Furthermore, the Debtor testified he calculated the monthly fuel expenses by multiplying his estimated mileage by the 55.5¢ rate provided by the Internal Revenue Service.  However, the Debtor testified this may not be equal to his actual monthly commuting expenses.  The Debtor's evidence did not include an itemized account for each additional expense to prove special circumstances exist.  Therefore, the Debtor has not met the procedural burden of proving a special circumstance pursuant to § 707(b)(2)(B)(i).

The Court finds the presumption of abuse arises pursuant to § 707(b)(2) where the Debtor's 60-month disposable income of $43,881.60 exceeds $11,725.00 and that the Debtor failed to meet the burden of proving special circumstances exist to rebut the presumption of abuse.[7]  Therefore, the Motion is **GRANTED**.  However, the Debtor shall have twenty (20) days from the entry of this order to convert the case to a case under Chapter 13.  Should the Debtor fail to convert the case within twenty (20) days, the case is **DISMISSED** pursuant to § 707(b)(1).

**SO ORDERED**.

**END OF DOCUMENT**

---

[7]Because the presumption of abuse is established under § 707(b)(2) and the Debtor has failed to prove special circumstances rebutting the presumption, the evidence in this case establishes abuse pursuant to § 707(b)(1). Therefore, it is not necessary for the Court to consider whether abuse exists under § 707(b)(3).